**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State v. Heltzel*, Slip Opinion No. 2024-Ohio-5941.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2024-OHIO-5941

THE STATE OF OHIO, APPELLEE, *v.* HELTZEL, APPELLANT.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State v. Heltzel*, Slip Opinion No. 2024-Ohio-5941.]**

*Court of appeals' judgment affirmed on the authority of* State v. Hickman.

(No. 2024-0902—Submitted December 17, 2024—Decided December 24, 2024.)

APPEAL from the Court of Appeals for Trumbull County,

No. 2023-T-0088, 2024-Ohio-1742.

_____

The below judgment entry of the court was joined by KENNEDY, C.J., and DEWINE, BRUNNER, and HAWKINS, JJ. DONNELLY, J., concurred in judgment only, with an opinion joined by STEWART, J. FISCHER, J., dissented and would dismiss the appeal as having been improvidently accepted.

**{¶ 1}** The judgment of the court of appeals is affirmed on the authority of *State v. Hickman*, 2024-Ohio-5747.

_____

**DONNELLY, J., joined by STEWART, J., concurring in judgment only.**

{¶ 2} When this court decided to exercise jurisdiction over this appeal, we held the case in abeyance pending our resolution of *State v. Hickman*, 2024-Ohio-5747, which presented the same legal issue. *See* 2024-Ohio-3313. Today, a majority of this court summarily affirms the judgment of the Eleventh District Court of Appeals on the authority of the decision in *Hickman*. Despite the fact that I dissented in *Hickman*, I vote to affirm the court of appeals here. Given the apparent contradiction of these two positions, I feel some explanation is needed.

{¶ 3} This case presents the same legal question that was before this court in *Hickman*: Can a trial court disapprove a recommendation that a person who was committed to a mental-health facility after being found not guilty by reason of insanity for an alleged criminal offense be transferred to a nonsecured facility when the State fails to present clear and convincing evidence that the change in commitment conditions poses a threat to public safety or the safety of any person? In *Hickman*, I argued that R.C. 2945.401(G)(2) clearly places an evidentiary burden on the State that cannot be explained away by the discretion afforded the trial court under R.C. 2945.401(I). *Hickman* at ¶ 48-50 (Donnelly, J., dissenting). I answer the legal question in the same way here.

{¶ 4} The difference comes in applying the answer to the legal question to the facts of each case. In *Hickman*, I concluded that the State not only had failed to meet its burden to show that Hickman's conditional release to a nonsecured facility posed a threat to public safety or the safety of others but also had presented evidence that supported the opposite conclusion. *Id.* at ¶ 52-53 (Donnelly, J., dissenting). Unlike in *Hickman*, I believe the State met its burden here.

{¶ 5} Because this case was held for *Hickman*, we do not have the trial-court record or the benefit of briefing; as a result, we must rely on the background provided in the court of appeals' decision. At the hearing held in the trial court, two psychologists recommended that appellant, Patrick Heltzel, be conditionally

2

released to a nonsecured facility. 2024-Ohio-1742, ¶ 6-8 (11th Dist.). But the appellate decision reveals that the trial-court record also included evidence that Heltzel previously had failed to take the medication necessary for his treatment and that he had used illegal drugs. *Id.* at ¶ 18. Further, one of the psychologists who recommended that Heltzel be conditionally released noted in the evaluation supporting her recommendation that Heltzel exhibited a "risk factor for violence" because of his failure to comply with treatment when in the community. *Id.* This is a markedly different situation from that presented in *Hickman*, in which none of these concerns was present.

{¶ 6} I do not agree with the majority's holding in *Hickman* that a trial court has discretion to disapprove a recommendation that a committed person be transferred to nonsecured status on the grounds of public safety irrespective of the State's failure to carry its evidentiary burden under R.C. 2945.401(G)(2). Thus, I do not agree with its application of that holding here to summarily affirm the court of appeals. But I concede that the State appears to have presented clear and convincing evidence demonstrating that Heltzel would pose a threat to public safety if he were moved to a nonsecured facility and that that evidence supported the trial court's disapproval of the recommendation. Certainly, the State presented more in Heltzel's case than what was offered in Hickman's. And on that basis, I would affirm the court of appeals' judgment here. Thus, I concur in judgment only.

_____

Dennis Watkins, Trumbull County Prosecuting Attorney, and Ryan J. Sanders, Assistant Prosecuting Attorney, for appellee.

John B. Juhasz, for appellant, Patrick L. Heltzel.

_____